IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROCKY EUGENE DODD, | ) |
|     Petitioner, | ) |
| vs. | ) Case No. CIV-06-140-D |
| RANDALL G. WORKMAN, Warden, | ) |
|     Oklahoma State Penitentiary, | ) |
|     Respondent. | ) |

## **O R D E R**

Before the Court is Petitioner's *Motion for Discovery*. Petitioner seeks an Order from this Court permitting him to conduct discovery of the following: (1) documents and information relating to requests for, or promises of, leniency regarding prosecution witness Lisa Way, including a description of the substance of all oral contacts and conversations regarding any help that may be provided to her in exchange for her testimony; (2) documents and information regarding any and all conversations with Lisa Way or statements made by her concerning "foreign" voices in the area of the victim's apartment; (3) any and all information that may impeach any prosecution witness who testified at trial; (4) production of "all crime scene photographs related to this case"; (5) access to all previous fingerprint evidence in this case and, additionally, another new automated search/identification examination of all the fingerprints collected at the crime scene by the State; (6) production of a bathroom towel admitted into evidence at Petitioner's trial for non-destructive

examination and testing, together with all raw data and DNA profiles previously obtained from the exhibit; (7) access to all police and District Attorney files concerning Petitioner's case; and (8) all law enforcement documents and records "concerning Asian gang members or Asian gang activity or information of that type however denominated in the Oklahoma City and Edmond area" in the time frame from January 1, 1994 through January 1, 1997.

Discovery in capital habeas cases is governed by the Rules Governing Section 2254 Cases and the Federal Rules of Civil Procedure:

> (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Rules Governing Section 2254 Cases, Rule 6 (a) and (b).

In <u>Bracy v. Gramley</u>, 520 U.S. 899 (1997), the Supreme Court determined that the petitioner, who was convicted before a trial judge who himself was subsequently convicted of taking bribes in criminal cases, showed "good cause" for discovery on his due process claim of actual judicial bias. The petitioner contended that although the trial judge had not been bribed in his case, the judge had an interest in a conviction to deflect suspicion that he was taking bribes in other cases. The petitioner sought discovery in his capital habeas case in support of his claim, specifically requesting the sealed transcript of the trial judge's criminal trial, reasonable access to the prosecution's materials in the trial judge's criminal

trial, the opportunity to depose persons associated with the trial judge, and a chance to search the trial judge's rulings for a pattern of pro-prosecution bias. The district court rejected the fair trial claim and denied the petitioner's motion for discovery on the conclusion that his allegations contained insufficient specificity or good cause to justify discovery. Id. at 902.

The Supreme Court first noted that a habeas petitioner is not entitled to discovery as a matter of course, but may be entitled to invoke the process if the judge, in the exercise of his discretion and for good cause, grants leave to do so, but not otherwise. Id. (quoting Rule 6(a) of the Rules Governing Section 2254 Cases). There was no question that if the petitioner proved the essential elements of his claim – that the judge was biased in his case to detract attention away from other cases in which he had accepted a bribe – that his own case would violate the Due Process Clause of the Fourteenth Amendment. The Supreme Court turned, therefore, to the question of whether the petitioner had shown "good cause" for appropriate discovery.

> In Harris, we stated that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."

Bracy at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

In the district court, the petitioner had raised the claim and submitted documentary support including the trial judge's indictment, newspaper articles setting out a witness's testimony at the trial describing an incident where he bribed the trial judge to fix a murder case, a copy of the government's proffer of evidence in aggravation describing in

3

considerable detail the trial judge's corruption both before and after he became a judge and confirming that the petitioner's murder trial was sandwiched "tightly between other murder trials that [the trial judge] fixed." Id. at 906-07.

The Supreme Court determined the petitioner had shown "good cause," stating:

> Were it possible to indulge this presumption here, we might well agree with the Court of Appeals that petitioner's submission and his compensatory-bias theory are too speculative to warrant discovery. But, unfortunately, the presumption has been soundly rebutted: Maloney was shown to be thoroughly steeped in corruption through his public trial and conviction. We emphasize, though, that petitioner supports his discovery request by pointing not only to Maloney's conviction for bribe taking in other cases, but also to additional evidence, discussed above, that lends support to his claim that Maloney was actually biased in petitioner's own case. That is, he presents "specific allegations" that his trial attorney, a former associate of Maloney's in a law practice that was familiar and comfortable with corruption, may have agreed to take this capital case to trial quickly so that petitioner's conviction would deflect any suspicion the rigged *Rosario* and *Chow* cases might attract.

Id. at 909.

In the instant case, Petitioner has failed to present any specific allegations to demonstrate a showing of good cause for discovery regarding witness Lisa Way. Ms. Way was questioned at trial regarding any deals or promises for leniency in exchange for her testimony and specifically denied that any such deals or arrangements existed. Petitioner has not directed the Court to any evidence to support an allegation of any deals or promises of leniency for any witnesses' testimony. Contrary to the specific allegations and instances shown in Bracy, Petitioner's allegation is speculative. Petitioner's references to other

4

unrelated cases involving possible violations by withholding exculpatory evidence[1] are not sufficiently specific to the facts of this case to warrant discovery on this issue.[2] Without more, this Court must presume that the public officials involved in Petitioner's case properly discharged their duty. Bracy at 909 (citing United States v. Armstrong, 517 U.S. 456, 464 (1996)).[3]

Petitioner also requests discovery pertaining to alleged possible statements made by Lisa Way regarding "foreign voices" she may have heard at the crime scene when she left the victims' apartment shortly before their murders. Petitioner's assertion that it is "*reasonable to postulate* Ms. Way *may* have mentioned this information to law enforcement or the prosecution at some point" (Reply at 4 (emphasis added)) is also speculative and insufficient to warrant discovery of the prosecutor's and law enforcement's files. Further, Petitioner's assertions are insufficient to warrant discovery of all law enforcement documents and records concerning Asian gang members or activity in the Oklahoma City and Edmond area during a three year time frame.

Petitioner has also failed to provide specific allegations to show good cause for discovery that impeachment information was withheld by the State regarding any of the witnesses it called to testify at trial. Petitioner has not identified any specific witness or what

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

[2] As an example, the Court takes notice that in Powell v. Mullin, CIV-00-1859-C, the primary witness at the petitioner's trial recanted his trial testimony identifying the petitioner and claimed he had testified falsely in exchange for promises from the assistant district attorney of assistance with his own legal situations.

[3] For the same reasons, Petitioner also has not demonstrated good cause for discovery of district attorney files from multiple counties pertaining to Brian Brown.

5

type of impeachment evidence he believes was withheld, nor how such evidence would entitle him to habeas relief. As previously stated, referrals to other unrelated cases involving Brady violations fail to demonstrate specific allegations that if fully developed would entitle Petitioner to habeas relief.

Petitioner next seeks discovery of all fingerprint evidence gathered in the investigation of the case and further requests another new automated search/identification of all previously unidentified fingerprints. Petitioner provides no reason or specific allegation other than a number of the fingerprints collected were unidentified and that the prosecution of his case was based on circumstantial evidence. It is immaterial whether or not production of the material and information requested is difficult or "quite easy." (Reply at 5.) Petitioner has not demonstrated why another new fingerprint comparison of all the fingerprint evidence previously gathered during the investigation is necessary or how it might entitle him to relief – other than to speculate that one of the fingerprints, years after the trial, might match someone subsequently added to the fingerprint database.

Petitioner also requests discovery of all district attorney files and Edmond Police files relating to this case. Apart from that which he asserts regarding Lisa Way, Brian Brown, all other witnesses who testified at his trial, and in other more pointed discovery requests, Petitioner provides no specific allegations to warrant granting discovery of these files. As Respondent details in his Response, discovery of these files has previously occurred on several occasions prior to *both* trials. At no time did Petitioner's attorney raise any objections regarding discovery. As stated above, as with his requests for discovery regarding

Lisa Way, references to other cases with different prosecutors and different facts provide mere speculation and are not relevant absent specific allegations to provide good cause.

Petitioner further seeks production of State's Exhibit 3, a bathroom towel found in a dumpster near the scene of the murders. Petitioner asserts his desire for production of this exhibit is to conduct another attempt at non-destructive examination and testing. In addition to production of the towel, Petitioner requests all raw data and DNA profiles previously obtained from the exhibit. Petitioner does not dispute that the towel was previously tested by the State or that it was also previously tested by a separate entity on behalf of Petitioner. Nor does Petitioner dispute that both the State's and Petitioner's examiners testified at trial and that Petitioner's witness took issue with portions of the State's evidence and conclusions. Petitioner apparently desires to re-test the towel, but provides no specific allegations to demonstrate good cause or that the re-test would discover evidence that would entitle him to habeas relief.

Lastly, as to copies of the crime scene photos, Petitioner does not claim these photos were never produced. Instead, Petitioner recognizes the photos were once in trial counsel's possession but no longer exist in the material and documents obtained by habeas counsel from previous defense and appellate counsel. The court has thoroughly reviewed the State court record, trial transcripts, and the claims for relief asserted in Petitioner's Petition, and does not find any matter raised by Petitioner that is related to or would benefit from the photographs.

Federal habeas is not a forum to re-litigate State trials. <u>Autry v. Estelle</u>, 464 U.S. 1,

3 (1983); <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887 (1983). Discovery is reserved for those situations where a petitioner demonstrates good cause by asserting specific allegations that, if fully developed, would entitle him to relief. Accordingly, Petitioner's *Motion for Discovery* (Dkt. No. 22) is DENIED.

IT IS SO ORDERED this 1st day of August, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE